REGAN, Judge.
The plaintiff, William J. Kihneman, filed this suit against the defendant, Gus Elfer Company, Inc., in an endeavor to rescind a written contract encompassing the sale and installation of vinyl embossed floor tile in the foyer of the plaintiff’s residence, predicated upon the hypothesis that the de *2 fendant failed to substantially perform the agreement in that it installed tile therein which was defective by virtue of abnormal color variation, or that the tiles lacked equal “color distribution”.
The defendant answered and denied that it had installed defective tile in the foyer of plaintiff’s home. It then filed a third party petition against Port Distributing Corporation, from which it acquired the tile, requesting indemnity in the event that judgment should be rendered against it in favor of the plaintiff.
Port Distributing Corporation answered and denied the accusations relative to the defectiveness of the tile which was asserted in both the plaintiff’s petition and the defendant’s third party demand.
Following a trial on the merits, the lower court rendered judgment in favor of both the principal defendant and the third party defendant. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that the plaintiff entered into a written contract with the defendant which provided for the installation of pure vinyl embossed floor tile in the foyer of his home. The tile was of high quality vinyl, green in color, and embossed with a pebbled design.
Shortly after the flooring was installed, the plaintiff complained about a variation in color of the tile, and the defendant, in response thereto, removed certain designated tiles and replaced them without any charge therefor. Some time later, the plaintiff again complained about color variation of the tile, which he insists is so obvious that this floor covering is unsuitable for the purpose intended and that it detracts from the appearance of his home. Subsequently this dispute was not reconciled, and it ultimately provoked this litigation.
Evidence was adduced in-the lower court to prove that the tile was not in any way defective nor was it abnormally unmatched in color. Moreover, evidence was very properly introduced to inform the court that slight variations in color exist from tile to tile, even in those emanating from the same lot, which is considered to be the norm for pure vinyl tile.
In order to resolve a conflict between the testimony of the plaintiff and the various witnesses who appeared on behalf of the defendant, the judge of the lower court visited the scene of the dispute and actually viewed the tile in the foyer of the plaintiff’s home in order to determine the color consistency thereof and also to evaluate the quality of the work performed by the defendant. Thereafter, the judge found as a matter of fact that the tile was not defective and that it did not vary in color consistency to any abnormal degree.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the quality of the tile installed and the nature of the work performed and concluded from what he heard and saw that the tile'was free from any abnormal color variation and that the defendant not only substantially performed the contract but that it performed it completely.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony, some of which is quite tedious, or by endeavoring to reconcile the respective litigants’ versions of the subject matter of this dispute. The trial court accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is therefore correct.
In concluding, we noticed only for the purpose of completing this opinion, that *3 the plaintiff sought to recover damages for trespass by several individuals who entered his residence, with his permission, on behalf of the defendant to inspect the quality of the tile and the work performed. Suffice it to say, without further ado, that the record discloses that this claim possesses no merit whatsoever.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.